## UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION

---

JAMES ERVIN BYRD,
        Plaintiff

      vs                                          Case No. C-1-03-653
                                                      (Weber, J.)

HAMILTON COUNTY                            (Hogan, M.J.)
ENGINEERS,
        Defendant

---

## REPORT AND RECOMMENDATION

---

       This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8), and Plaintiff's Memorandum Contra Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint (Docs. 9, 10).

       Plaintiff filed this action pro se, alleging that he was terminated from his employment with the Defendant for insubordination and that he was discriminated against and subjected to a hostile environment.  (Doc. 1).  In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (*See* Doc. 8).  Defendant pointed out that Plaintiff's Complaint did not allege that Plaintiff is a member of any protected class of persons; that he was qualified for the job; or that any other employee was treated differently.  Plaintiff's sole allegation was that he was fired "for insubordination for refusing to take a Breathalyzer test. (Doc. 8).  Armed with this information, and in response to Defendant's motion, Plaintiff sought to amend his Complaint to properly state his claim for discrimination under Title VII.  (Docs. 9, 10).

On November 12, 2003, the Court granted Plaintiff's Motion to Amend Complaint and allowed Plaintiff ten days in which to file an Amended Complaint properly stating his claim for discrimination under Title VII. (*See* Doc. 11).  On November 21, 2003, Plaintiff filed his Amended Complaint alleging that he is a member of a protected class of persons; that he was qualified for the job; and that he was treated differently than similarly situated Caucasian employees.  (Doc. 12). Thereafter, on November 25, 2003, Defendant filed its Answer to Plaintiff's Amended Complaint.  (Doc. 13).  Thus, as Plaintiff's Amended Complaint addresses the concerns raised in Defendant's Motion to Dismiss, it appears that Defendant's motion is moot and should be denied as such.

## IT IS THEREFORE RECOMMENDED THAT:

1)      Defendant's Motion to Dismiss (Doc. 8) be **DENIED AS MOOT**.



Date:   1/8/04                           s/Timothy S. Hogan
                                         Timothy S. Hogan
                                         United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES ERVIN BYRD,
      Plaintiff

    vs                              Case No. C-1-03-653
                                      (Weber, J.)

HAMILTON COUNTY               (Hogan, M.J.)
ENGINEERS,
         Defendant

# NOTICE

Attached hereto is the Report and Recommended decision of The  Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1/8/2004.  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).