UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ERVIN BYRD,

      Plaintiff

  v.                              C-1-03-653

HAMILTON COUNTY DEPARTMENT
OF ENGINEERS,

      Defendant

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 24) to which neither party has objected.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. 19). On May 10, 2005, the Court ordered plaintiff to show cause within fifteen days why summary judgment should not be granted against him. (*See* Doc. 20). To date, plaintiff has filed no response to the Court's order.

2

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. **Sixty Ivy Street Corp. v. Alexander**, 822 F.2d 1432, 1435 (6th Cir. 1987); **Harris v. Adams**, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. **McDonald v. Union Camp Corp.**, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. **Karnes v. Runyon**, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." **Davidson & Jones Dev. Co. v. Elmore Dev. Co.**, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

More specifically, Rule 56 provides that,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Plaintiff has failed to establish a prima facie case of employment discrimination. Assuming plaintiff can establish the first three elements of a prima facie case under *McDonnell Douglas* and *Burdine*, plaintiff has failed to establish that he was replaced by

4

someone outside the protected class or that a comparable non-protected person was treated more favorably than he. ***Mitchell v. Toledo Hosp.***, 964 F.2d 577, 582-83(6th Cir. 1992). By failing to respond to defendant's Motion for Summary Judgment, plaintiff has provided no affirmative evidence establishing a prima facie case of employment discrimination. ***See Texas Department of Community Affairs v. Burdine***, 450 U.S. 248 (1981); ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792 (1972). Moreover, defendant argues that plaintiff was terminated for insubordination for refusing to submit to a Breathalyzer test pursuant to defendant's personnel policy. Defendant has provided the affidavits of plaintiff's supervisors in support of its argument. (*See* Doc. 19, Exh. 8, Affidavit of Michael Roach, Exh. 4, Affidavit of Stephen Mary, attached). Thus, even if a ***prima facie*** case could be established by plaintiff, plaintiff has failed to provide affirmative evidence rebutting defendant's legitimate, non-discriminatory reason for terminating him. For this reason, we find that summary judgment in favor of defendant is appropriate.

5

Alternatively, we find that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." ***Link v. Wabash R.R.***, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. ***See*** Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." ***Carter v. City of Memphis, Tennessee***, 636 F.2d 159, 161 (6th Cir. 1980)(quoting ***Silas v. Sears, Roebuck & Co., Inc.***, 586 F.2d 382, 385 (5th Cir. 1978)*; see also Coleman v. American Red* **Cross**, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in ***Carter*** explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting ***J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.***, 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

Plaintiff's dilatory conduct is abundantly clear from the record. Plaintiff was ordered to file a response to defendant's Motion for Summary Judgment arguing his position as to why summary judgment should not be granted against him. (***See*** Doc. 20). Plaintiff was further ordered to come forth with affirmative evidence supporting his claims against defendant. (Id.). Plaintiff has failed to respond in any manner.

Moreover, it appears that plaintiff has neglected to notify the Court of a change in his address. Failure to notify the Court of any change of address could result in a plaintiff not

receiving timely notice of proceedings, which could, in turn, lead to a plaintiff's failure to appear and ultimately to dismissal of his case. ***See Buck v. U.S. Dep't. of Agriculture, Farmer's Home Administration***, 960 F.2d 603, 608-09 (6th Cir. 1992); ***Walker v. Management Systems, Inc.***, 786 F.2d 1167, 1986 WL 16514 at * 1-2 (6th Cir. Feb. 19, 1986). It is plaintiff's responsibility to keep the Court apprized of any change in his address. Plaintiff has failed to file a memorandum in response to defendant's Motion for Summary Judgment. Likewise, due to his failure to notify the Court of his change in address, service of the Order to Show Cause (Doc. 20) as well as a subsequent order of the Court (Doc. 22) could not be obtained.

For the reasons stated above, this Court finds that defendant's Motion for Summary Judgment (Doc. 19) should be granted in favor of defendant. In the alternative, we find that dismissal is appropriate for failure to prosecute.

## CONCLUSION

Upon a *de novo* review of the record, the Court finds that the Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case. Accordingly, in the absence of any objection by plaintiff, this Court accepts the Report as uncontroverted.

The Report and Recommendation of the United States Magistrate Judge (doc. no. 24) is hereby **ADOPTED**. Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED** in favor of defendant.

7

This case is **DISMISSED AND TERMINATED** on the docket of this Court at plaintiff's cost.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
